UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Nº 06 Civ. 4004 (RJS)
_____

IN RE: INGRID OLSEN

REYNOLD OLSEN,

Appellant,

VERSUS

419 APARTMENT CORPORATION,

Appellee.

_____

MEMORANDUM AND ORDER
September 17, 2008
_____

RICHARD J. SULLIVAN, District Judge:

Appellant Reynold Olsen appeals following (1) the March 22, 2006 decision of the Honorable James M. Peck, Bankruptcy Judge, denying Appellant's motion to vacate a settlement agreement between Appellee 419 Apartment Corporation, Appellant, and debtor Ingrid Olsen (Appellant's wife)[1] on the basis of fraud; and (2) Judge Peck's April 24, 2006 decision denying Appellant's motion for reconsideration of that decision. For the reasons set forth below, the two decisions of the Bankruptcy Court are affirmed.

I. BACKGROUND

Given the long history of litigation between these parties, in both state and

---

[1] Although the docket sheet lists Ingrid Olsen as an appellant in this action, she has neither filed any papers in support of the appeal, nor joined in her husband's papers. Accordingly, the Court finds that Ms. Olsen appears in this action only as the Debtor.

federal court, this opinion presumes familiarity with the facts of this case, set forth in detail in the many filings and orders relating to the numerous actions instituted in this District, both in Bankruptcy Court and District Court. *See, e.g.*, *In re Olsen*, 358 B.R. 609, 614-15 (Bankr. S.D.N.Y. 2007); *In re Olsen*, No. 05 Civ. 4591 (PKC), 2006 WL 20501, at *1-2 (S.D.N.Y. Jan. 3, 2006). Appellant and his wife were previously tenant-shareholders of a cooperative apartment located at 419 East 57th Street. *See In re Olsen*, 358 B.R. at 614. Following the failure of the Olsens to meet their maintenance obligations to the Co-op, the Co-op instituted landlord-tenant proceedings against them. *See id.* at 614-15. On April 21, 2004, Ingrid Olsen filed a voluntary Chapter 11 petition in the bankruptcy court in the Southern District of New York.[2] This petition was the second bankruptcy filing made by Ms. Olsen in this District and the fourth filed by either her or the Appellant.[3]

On November 9, 2004, the parties appeared before the Honorable Cornelius Blackshear, Bankruptcy Judge, for an evidentiary hearing, and during an off-the-record meeting with counsel for the Co-op, negotiated a settlement agreement (the "Settlement"). (*See* Appellant's Mem. at 4; Transcript of Nov. 9, 2004 Conference ("Settlement Tr.") at 49, 55-56.) The Settlement was placed on the record in open court on November 11, 2004 and was approved in an order by Judge Blackshear on February 16, 2005. (*See* Appellant's Mem. at 4; Document No. 113, *In re Olsen*, No. 04-41105 (Bank. S.D.N.Y. Feb. 16, 2005) ("Settlement Order").) A plan of reorganization (the "Plan") was confirmed shortly thereafter, on March 29, 2005. (*See* Document No. 139, *In re Olsen*, No. 04-41105 (Bank. S.D.N.Y. Mar. 29, 2005).) The Settlement was integral to the Plan because it established the terms by which the parties were to end all litigation relating to the landlord-tenant disputes involving the Olsens and giving rise to the Chapter 11 proceedings.

After the Settlement Order was entered, Appellant made multiple attempts to set aside the order. Additionally, upon Judge Blackshear's retirement in March 2005, the case was temporarily reassigned to the Honorable Robert D. Drain, Bankruptcy Judge, and subsequently to Judge Peck on March 20, 2006. The instant appeal constitutes Appellant's seventh attempt to obtain relief from Judge Blackshear's settlement.[4] On February 15, 2006, after

---

[2] *In re Olsen*, No. 04-41105 (JMP) (Bankr. S.D.N.Y. 2004).

[3] Ingrid Olsen previously filed a Chapter 13 petition on December 20, 2000 that was dismissed on September 9, 2003 for failure to make the required payments in accordance with the plan. *See In re Ingrid Olsen*, No. 00-B-15961 (CB) (Bank. S.D.N.Y. 2000). Appellant also filed a Chapter 13 petition on June 7, 2000 that was dismissed for the same reason — failure to make required payments as set forth in the plan. *See In re Reynold Olsen*, No. 00-41485 (CB) (Bank. S.D.N.Y. 2000). Appellant filed another Chapter 13 petition on June 12, 2003 that he voluntarily dismissed on March 18, 2005. (*See In re Reynold Olsen*, No. 03-41454 (JMP) (Bankr. S.D.N.Y. 2003).)

[4] Specifically, before filing the motions here on appeal from the Bankruptcy Court, Appellant sought to vacate and/or appeal the entry of the Settlement order by filing the following: (i) a Motion for Reconsideration of Judge Blackshear's order approving the Settlement (filed Feb. 23, 2005); (ii) an appeal from Judge Blackshear's denial to the Southern District of New York (filed Mar. 7, 2005); (iii) a Motion for Reconsideration following dismissal of his appeal by the Honorable P. Kevin Castel, District Judge (filed Jan. 15, 2006); and (iv) an appeal to the Second Circuit of Judge Castel's decisions, which resulted in the

already extensively litigating the entry of the Settlement Order, Appellant filed a motion to vacate the Settlement Order pursuant to Rule 60 of the Federal Rules of Civil Procedure. (*See* Document #189, *In re Olsen*, No. 04-41105 (Bank. S.D.N.Y. Feb. 15, 2006).)

After hearing oral argument on March 22, 2006, Judge Peck ruled from the bench, denying Appellant's motion. Specifically, Judge Peck found that: (1) Appellant was unable to provide the court with evidence of fraud as required to disturb the Plan; (2) Appellant's claims were barred by *res judicata*; and (3) Appellant was time-barred from making arguments concerning the classification of Appellee's secured claim by virtue of the Plan confirmation and the provisions of 11 U.S.C. § 1144. (*See* Mar. 22, 2006 Tr. ("Mar. 22 Tr.") at 39-40, 42-43, 47-51); *see also In re Olsen*, 2006 WL 1288589, at *1-2.

On April 3, 2006, Appellant filed a motion for reconsideration of Judge Peck's decision. Appellant's chief argument on his motion for reconsideration was that § 1144 was not a bar to the relief he sought. Appellant argued primarily that: (1) he was permitted to challenge Appellee's secured claim status as a result "of a reservation of rights in the Plan that allows the Debtor to reclassify the claim;" (2) § 1144 did not apply to him because he did not receive adequate notice of the Plan; and (3) improper notice of the Plan should entitle him to vacatur of sections of the claim, including Appellee's classification of the claim as a secured claim. *See In re Olsen*, 2006 WL 1288589, at *2.

In denying the motion for reconsideration, Judge Peck reiterated his original findings that Appellant was barred from seeking vacatur of the Settlement Order under the principle of *res judicata* and the provisions of § 1144 and, in any event, had not made out a case for fraud. *See id.* at *1. Judge Peck also denied the motion based on Appellant's new arguments. First, he held that only Ingrid Olsen, as the debtor, could question or modify the original classification of Appellee's secured claim, and that she had not done so. *Id.* at *2. Second, Judge Peck held that Appellant had received adequate notice of the Plan confirmation, noting that Appellant had in fact filed an objection to the confirmation of the Plan and participated in the Plan process. *See id.* Finally, Judge Peck found that, because Appellant had adequate notice of the Plan, his third argument regarding improper notice likewise failed. *See id.*

On May 4, 2006, Appellant appealed both of Judge Peck's decisions to this Court. On September 4, 2007, the case was reassigned from the Honorable Kenneth M. Karas, District Judge, to the undersigned.

II. STANDARD OF REVIEW

28 U.S.C. § 158(a)(1) vests district courts of the United States with jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy courts. The district court evaluates the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *In re Bennett Funding Group, Inc.*, 146 F.3d 136, 138 (2d Cir. 1998); *In re Teligent, Inc.*, 326 B.R. 219, 224 (S.D.N.Y. 2005).

---

Second Circuit remanding the case to Judge Peck for further proceedings, *see In re Olsen*, 204 Fed. Appx. 980, 981 (2d Cir. Nov. 13, 2006), after which Judge Peck declined to vacate the Settlement Order, *see In re Olsen*, 358 B.R. 609, 628 (Bkrtcy. S.D.N.Y. 2007).

3

However, where, as here, a party appeals a bankruptcy court's denial of a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure (or an order denying reconsideration of that denial), the bankruptcy court's decision is reviewed under the abuse of discretion standard. *See* Fed. R. Bankr. P. 9024; *see also In re Teligent*, 326 B.R. at 224 ("[W]ith respect to the denial of a Rule 60 motion, the decision by the Bankruptcy Court is reversed only for an abuse of discretion."); *In re Bridge to Life, Inc.*, No. 05 Civ. 5499 (CPS), 2006 WL 1329778, at *3 (E.D.N.Y. May 16, 2006) ("The standard of review of a bankruptcy court's denial of a motion for reconsideration is abuse of discretion."). Accordingly, the Court will review Judge Peck's two decisions under the abuse of discretion standard.

A court abuses its discretion when its decision "(i) rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding," or (ii) "though not necessarily the product of legal error or clearly erroneous factual finding[,] cannot be located within the range of permissible decisions." *In re Aquatic Dev. Group, Inc.*, 352 F.3d 671, 678 (2d Cir. 2003); *see also ABKCO Music, Inc. v. Stellar Records, Inc.*, 96 F.3d 60, 64 (2d Cir. 1996) ("[A]buse of discretion . . . usually involves either the application of an incorrect legal standard or reliance on clearly erroneous findings of fact."); *In re Enron Corp.*, 364 B.R. 482, 486 (S.D.N.Y. 2007) ("The Court is not to consider whether it would have made the same decision, but only whether the decision was reasonable.").

III. DISCUSSION

A. Judge Peck Did Not Abuse His Discretion in Denying Appellant's "Motion Alleging Fraud"

Appellant first appeals Judge Peck's oral decision denying Appellant's "Motion Alleging Fraud," pursuant to which Appellant sought to vacate the Settlement Order by way of Rule 60(b)(3) of the Federal Rules of Civil Procedure, which allows vacatur of an order on the grounds of fraud. (*See* Mar. 22 Tr. at 5-6.) In denying Appellant's motion, Judge Peck found that: (1) Appellant was unable to provide the court with evidence of fraud as required to disturb the Plan; (2) Appellant's claims were barred by *res judicata*; and (3) Appellant was time-barred from making arguments concerning the classification of Appellee's secured claim by virtue of the Plan confirmation and the provisions of 11 U.S.C. § 1144. (*See* Mar. 22, 2006 Tr. at 39-40, 42-43, 47-51); *see also In re Olsen*, 2006 WL 1288589, at *1-2.

Rule 60(b)(3) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." "To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks omitted). Such a motion "cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve

as an attempt to relitigate the merits." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).

Having reviewed the record before the Court, including the relevant submissions, transcripts, and orders, the Court finds that Judge Peck did not abuse his discretion in denying the Appellant's motion to vacate Judge Blackshear's order on grounds of fraud. The transcript of the March 22 conference before Judge Peck reveals that Judge Peck gave Appellant numerous opportunities to articulate the basis for his fraud claims, and Appellant was unable to point to any "clear and convincing evidence of material misrepresentations" sufficient to satisfy the standard for relief under Rule 60(b)(3).

In addition, the Court finds that Judge Peck did not abuse his discretion in finding that Appellant's motion was barred under § 1144 of the Bankruptcy Code. Section 1144 provides that "[o]n request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud." 11 U.S.C. § 1144. Courts have construed the 180-day time limitation strictly, and held that the limitation must be applied to bar a claim "even if a fraud is discovered beyond that deadline." *In re 680 Fifth Ave. Assoc.*, 209 B.R. 314, 322-23 (Bankr. S.D.N.Y. 1997); *accord OneBeacon Ins. Co. v. Empress Ambulance Serv., Inc.*, No. 02 Civ. 2595 (WHP), 2003 WL 1857622, at *4 (S.D.N.Y. Mar. 28, 2003); *In re Vencor, Inc.*, 284 B.R. 79, 83 (Bank. D. Del. 2002). Additionally, relief pursuant to § 1144 is "discretionary," and "the court may but need not revoke the confirmation order if it finds fraud." *In re Trico Marine Servs., Inc.*, 337 B.R. 811, 814 (Bankr. S.D.N.Y. 2006). Here, it is undisputed that Appellant failed to make a timely motion seeking revocation of the Plan pursuant to § 1144 within 180 days of the confirmation of the Plan. Thus, regardless of whether Appellant can make a showing of fraud, his motion to vacate the Plan was untimely and Judge Peck correctly found it to be barred. *See OneBeacon*, 2003 WL 1857622, at *4; *In re 680 Fifth Ave.*, 209 B.R. at 322-23; *In re Vencor*, 284 B.R. at 83.

Appellant's suggestion that he is not seeking to revoke the Plan but rather to pursue an independent action for damages arising from fraud is disingenuous. Appellant asserts in his papers that he sought only to remedy the fraud through an award of damages, pursuant to cases that have held that an independent cause of action for fraud that does not seek revocation of the Plan is not barred by § 1144. (*See* Appellant's Mem. at 8-10 (citing, *inter alia*, *In re Genesis Health Ventures, Inc.*, 355 B.R. 438, 444-45 (Bankr. D. Del. 2006)).) However, Appellant's Rule 60(b)(3) motion before Judge Peck clearly did not constitute an independent action akin to those which were presented to the court in the cases cited by Appellant. Indeed, at the March 22 conference, Appellant stated that, pursuant to Rule 60(b)(3), he was "seeking to vacate an order memorializing the settlement between himself and debtor, his wife[,] on the one side and 419 on the other . . . [because] 419 obtained the settlement agreement fraudulently." (Mar. 22 Tr. at 5-6.)

Accordingly, the Court finds that Judge Peck did not abuse his discretion in denying Appellant's motion to vacate the Settlement Order, as memorialized at the March 22 conference.

B. Judge Peck Did Not Abuse His Discretion in Denying Appellant's Motion for Reconsideration

Appellant raised three arguments on the motion for reconsideration, all of which were rejected by Judge Peck. Appellant first argued that he should have been permitted to challenge Appellee's secured status. *See In re Olsen*, 2006 WL 1288589, at *2. Second, Appellant argued that he did not have adequate notice of the Plan. *Id.* Third, Appellant argued that the failure to provide notice to him of the Plan entitled him to vacatur of the Plan. *Id.*

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted). Moreover, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citation and quotation marks omitted).

On reconsideration, Judge Peck held that, pursuant to the Plan, only Debtor herself could question or modify the original classification of Appellee's secured claim, and that she had not done so. *See In re Olsen*, 2006 WL 1288589, at *2. Judge Peck also held that Appellant's second and third arguments failed because Appellant had received adequate notice of the Plan confirmation, noting that Appellant had in fact filed an objection to the confirmation of the Plan and participated in the Plan process. *See id.*

Having reviewed the record, the Court finds that Judge Peck did not abuse his discretion in denying Appellant's motion for reconsideration. First, the Court finds no error in Judge Peck's legal conclusion that, under the Plan, only the Debtor could question or modify the classification of Appellee's secured claim under the Plan. Second, the Court finds no error in Judge Peck's finding that Appellant received adequate notice of the Plan. Accordingly, the Court affirms Judge Peck's denial of Appellant's motion for reconsideration.

C. The Court Declines to Address Appellant's Remaining Claims

Appellant also makes new arguments in his appeal that were not raised before Judge Peck and thus were not considered by him. Generally, in reviewing the decision of a bankruptcy court, a district court will not address arguments that were not presented to the bankruptcy court. *See Universal Church v. Geltzer*, 463 F.3d 218, 228-29 (2d Cir. 2006) (citing *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005)); *In re 139-141 Owners Corp.*, 313 B.R. 364, 370 (S.D.N.Y. 2004); *Sunbeam Products, Inc. v. Wing Shing Products (BVI) Ltd.*, 311 B.R. 378, 397 (S.D.N.Y. 2004). "Nevertheless, an appellate court has discretion to consider arguments not raised below 'to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding.'" *Geltzer*, 463 F.3d at 228 (quoting *Allianz*, 416 F.3d at 114).

The Court has reviewed the new arguments raised by Appellant and declines to exercise its discretion to review all but one of these arguments, as no manifest injustice would result from the Court's failure to do so. However, as one of Appellant's arguments relates to invocation of § 1144, the Court will address it. Appellant argues that Judge Peck, in raising the issue of § 1144 *sua sponte*, impermissibly acted as an "advocate for 419." (Appellant's Mem. at 35.) However, 11 U.S.C. § 105(a) explicitly provides that "[n]o provision of [the Bankruptcy code] providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Accordingly, the Court finds no basis for Appellant's assertion that Judge Peck improperly invoked § 1144 in response to Appellant's Rule 60 motion. Appellant was given more than ample time to adequately address the application of § 1144. In addition to the discussion on the record about § 1144 at oral argument held on March 22, 2006 on Appellant's motion to vacate the Settlement order, Appellant briefed the § 1144 issue as part of his motion for reconsideration of Judge Peck's denial of his Rule 60 motion. In light of these facts, it cannot be said that Judge Peck acted in any way improperly, or that his decision was not justified.

IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's March 22, 2006 and April 24, 2006 decisions are affirmed. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated: September 17, 2008
New York, New York

\* \* \*

Appellant is representing himself *pro se*. Appellee is represented by Bruce H. Wiener, Esq., and Slava Hazin, Esq., Warshaw Burstein Cohen Schlesinger & Kuh, LLP, 555 Fifth Avenue, New York, New York 10017.

7